### BENNETT V. STATE.

1.  Const. art. 21 §2, provides that the governor and the judges of the supreme court shall receive an annual salary of $2,500, and the judges of the circuit court an annual salary of $2,000: "provided, that the legislature may * * * increase the annual salary of the governor and each of the judges of the supreme court to three thousand dollars, and the annual salary of each of the circuit judges to two thousand five hundred dollars." Laws, 1901, c. 110, provides that the governor and each judge of the supreme court shall receive an annual salary of $3,000, and the several circuit judges an annual salary of $2,500;" provided, however, that in any circuit containing less than five thousand square miles and a population of less than fifty four thousand, the judge thereof shall receive an annual salary of two thousand dollars." Held, that the proviso to the act of 1901 was unauthorized.

2.  The invalidity of the proviso did not impair the balance of the act.

(Opinion filed Jan. 31, 1903.)

Original action by Hon.  JULIAN  BENNETT  against  the state.    Judgment for plaintiff.

*W. L. Shunk* and *John F. Hughes,*  for plaintiff.

The rule of  construction is fundamental  that each section of an instrument must be read in the  light  afforded  by  other sections of the same document.    Then the legislature,  in  the exercising of the power conferred by Sec.  2, Art.  21, is,  aside from the limitations therein contained, further  limited  in  the exercise of this power by Sec. 34, Art. 5, of  said  constitution. The proviso in the law of 1901 prevents the uniformity of  operation required by the constitution, and is void.  43  N.  E., 1000, and cases cited.    88 N.  W.  577; 72 Minn.,  126; 3 Okla. 677.

*A. W. Burtt,* Atty. Gen., for state.

Section 34, Art. 5, of Constitution, as to  the  requirement that all laws relating to courts shall be uniform,  does  not  refer to salary but to the organization, jurisdiction,  power,  proceedings, and practice of all  the  courts  of  the  same class. The proviso in Section 1, Chapter 110, Laws of  1901.  is  warranted    by  the  provisions    of    our    Constitution,    the Legislature did not exceed its authority in  enacting that chapter.

CORSON, J.   This is an original action,  instituted by the plaintiff to recover from the state the balance of salary claimed to be due him as circuit judge of the Third circuit for the  year 1901, under the provisions of  chapter  110,  Laws 1901.    The following is the agreed statement of facts:   "(1) That at and during the times mentioned in the plaintiff's complaint the said plaintiff was the duly elected,  qualified, and  acting  judge  of

the Third judicial circuit in said state, and that he caused to be presented to the auditor of the defendant proper vouchers for the amount now sued for, which vouchers the auditor of the defendant refused to allow, except for the sum of two thousand dollars ($2,000). (2) That the salary of said plaintiff has been paid during the times mentioned in said complaint at the rate of two thousand dollars ($2,000) per annum, and that the amount now claimed and sued for, to-wit, four hundred fifty-eight dollars ($458), is the amount required to be paid in addition to the sum of two thousand dollars ($2,000) per annum, in order to make the plaintiff's salary equal to two thousand five hundred dollars ($2,500) per annum from and after the passage and going into effect of chapter 110 of the Session Laws of 1901. (3) That the plaintiff, in receiving the sum of two thousand dollars ($2,000) from said state, did not receive the same in full of the salary due him, and did not do any act, either in receiving said money or in any other manner, which is a bar to his recovery of the balance alleged to be due him in this action. (4) That the said Third judicial circuit consists of the counties of Brookings, Kingsbury, Deuel, Hamlin, Clark and Codington, and that the aggregate number of square miles in said counties is 4,525.9, and is less than 5,000 square miles; and that the aggregate population of the counties constituting said circuit is 48,180, and is less than 54,000." The act of 1901, referred to, reads as follows: "That the governor and each judge of the supreme court of this state shall receive an annual salary of three thousand dollars and the several circuit judges of this state shall each receive an annual salary of two thousand five hundred dollars. Provided, however, that any circuit containing less than five thousand square

miles and a population of less than fifty-four thousand, the judge thereof shall receive an annual salary of two thousand dollars." This law was enacted with an emergency clause, and hence took effect February 1, 1901. It was passed to carry into effect the proviso of section 2, art. 21, of the constitution. The part of this section material to the consideration of this case is as follows: "The governor shall receive an annual salary of two thousand five hundred dollars; the judges of the supreme court shall each receive an annual salary of two thousand five hundred dollars; the judges of the circuit court shall each receive an annual salary of two thousand dollars; provided, that the legislature may, after the year one thousand eight hundred and ninety, increase the annual salary of the governor and each of the judges of the supreme court to three thousand dollars, and the annual salary of each of the circuit judges to two thousand five hundred dollars." It is conceded by the counsel for the plaintiff in his brief that the act of 1901, so far as it provides for the increase of the salaries of the officers designated in the act, is in accordance with the constitutional provisions. It is contended on the part of the plaintiff, however, that the proviso to the act of 1901 is unconstitutional, and that under the facts stipulated he is entitled to a judgment for the amount claimed by him. The state, on the other hand, insists that, as the legislative power of the state is vested in the legislature, it is competent for that body to classify the circuits and fix the salaries of the circuit judges in the circuits so classified at such a sum as it might deem proper.

We are of the opinion that the plaintiff's contention is correct. It will be observed that the proviso to section 2, art. 21,

of the constitution, above quoted, only confers upon the legis-
lature authority to increase the salaries of the officers desig-
nated to the sums specified therein, and grants to the legisla-
ture no further authority as regards said salaries.    The
authority is not to increase the salaries to a sum not to exceed
that fixed in the proviso, but to increase the same to the pre-
cise sum specified in the proviso.   In other words, the legis-
lature was, in effect, authorized by the proviso to strike out the
sums specified in the section and insert therein the sums speci-
fied in the proviso.   When the legislature had performed this
duty, its power over the subject was exhausted.   It had no
authority to classify the circuits, or provide any different sal-
aries for the judges thereof than that fixed in the proviso, or
to do any act in regard thereto other than the one specifically
authorized.   This view is strengthened by the provisions of
section 34, art. 5, of the constitution, which reads as follows:
"All laws relating to courts shall be general and of uniform
operation throughout the state, and the organization, jurisdic-
tion, power, proceedings, and practice of all the courts of the
same class or grade, so far as regulated by law, and the force
and effect of the proceedings, judgments and decrees of such
courts severally shall be uniform; provided, however, that the
legislature may classify the county courts according to the pop-
ulation of the respective counties and fix the jurisdiction and
salary of the judges thereof accordingly."   It will be observed
that by the proviso to that section authority is conferred upon
the legislature to classify the county courts, and to "fix the
jurisdiction and salaries of the judges thereof."   It will also
be noticed by the proviso to section 2, art. 21, under consider-
ation, that "no such authority is conferred upon the legisla-

ture with reference to the circuit courts or the judges thereof." We are therefore of the opinion that the proviso to the act of 1901 was unauthorized, and is therefore unconstitutional and void. The act of 1901 is complete in itself, independently of the proviso, and is, therefore, not affected by the fact that the proviso is unconstitutional.

These views lead to the conclusion that the plaintiff is entitled to salary at the rate of $2,500 per annum, as fixed by the act of 1901, and is therefore entitled to a judgment against the state for the amount claimed by him, with costs and disbursements.